Ruffin, C. J.
 

 As against the defendant Strayhorn, the bill may be dismissed upon the merits of his case, as stated in his answer and fully established by his proofs. Upon the question of the good faith of his purchase and the promise of a fair price, the Court must make a declaration in his favor : for the agreement as to the price of $1,600, in part of the debt to Strayhorn is proved, and there is no evidence to impeach it on the score of inadequacy. Admitting, then, the deed from Z. Trice to Henslee, and his sale to Noah Trice
 
 *572
 
 fraudulent, yet Strayhorn is not tobe affected thereby, as was no party to those transactions and has the conveyance of all three of those persons, made
 
 bona fide
 
 andón a valuable and adequate consideration. The prior fraud is purged as to him.
 
 King v. Cantrel
 
 4 lred. 251. But if that were not so, the bill would be dismissed as to Strayhorn, as it must be as against all the other defendants, upon the intrinsic weakness of the case stated in it, As far as we can collect, from the statement of the bill, any principle on which it was intended to be founded, it cannot be supported at all. The case the writer of the bill seems to have aimed at making is, that the plaintiffs might have had their
 
 fieri facias
 
 served on certain property, fraudulently conveyed by their debtor to Henslee, and that they would have done it, and obtained satisfaction thereout, had they then known of the fraud : but that, from a want of knowledge of the fraud, they were induced to have or allow their
 
 fieri facias
 
 to be returned
 
 nulla
 
 bona, and sue out a
 
 ca. sa.
 
 and have their debtor arrested; by which means they are likely to lose their debt, as the debtor after his arrest has made another conveyance of his property, and is endeavoring to procure his discharge as an insolvent debtor. Upon this case the plaintiffs ask to be preferred to the last purchaser and .to have the same benefit'of
 
 Ú\e\r fieri facias,
 
 which was returned
 
 nulla
 
 bona, as if the property had been seized under it; because, as they say, it was not their fault that it was not .levied, and they have done nothing to discharge the lien created by it and the law.’ It is to be observed, in the first place, that the debts said to be secured iu the deed to Turreniine (against which relief is sought) are not denied, nor that deed impeached as fraudulent, or as inoperative for any reason, but the two following. The one, that the Plaintiffs might have seised the property for their debt, on account of the fraud in the conveyance to Henslee; and the other, that this deed to Turrentine was made to secure other creditors, to the exclusion of the Plaintiffs, after Trice had been arrested on the
 
 ca. sa.
 
 As to the first reason, the case is against the plaintiffs, upon the ground already mentioned in respect to the case
 
 *573
 
 of Strayhorn. According to the plaintiffs’ own argument, the •property remained in Z. Trice, as to his creditors notwith.standing his deed to Henslee. Consequently he could convey it
 
 bona fide
 
 to his creditors or to a trustee for them, and .that would be good .against the plaintiffs, if done when, they had no lien by execution on it. That was the case here; for the
 
 fireifacias
 
 had been returned, according to the bill, and .the debtor was under arrest, on the
 
 ca. sa.
 
 And the second point is equally clear against the Plaintiffs ; as we have very .recently held in the case of
 
 Cheek
 
 v.
 
 Davis
 
 4 Ired. 284.
 

 But laying aside all the preceding considerations, there is one complete answer to the bill, which is common to all the defendants. ■ It is this ; the bill was filed for the purpose of obtaining satisfaction out of the debtor’s property, while the creditor was proceeding upon an execution executed upon the debtor’s person. No such proceeding can be allowed, either at law or in equity. The taking the body in execution is
 
 ■privaa, facie
 
 a satisfaction of the debt. Although a doubt may b.e made upon that point, when the debtor is discharged from actual custody by giving an appearance bond under the insolvent debtors act, yet, it is clear that, while the proceeding is carried on under that act against the person, so as to compel him to pay the debt, or go to prison, if he be insolvent or do no.t take the regular steps to entitle him to swear out, the creditor cannot also entitle himself to execution to create a lien on ;the legal property of the debtor. There can be no foundation for relief in the Court of Equity out of that property, or indeed, his equitable property. The law deems an execution against the person an adequate remedy, while it is subsisting, to all purposes. In this case the bill shews such an execution, and as far as appears, the proceedings on it are not concluded. Therefore there is no jurisdiction here; since at law the plaintiffs are actually prosecuting a plain and perfect remedy.
 

 The case has been treated hitherto, as if the bill were otherwise well framed, than in stating a defective equityl But it
 
 *574
 
 is drawn with so litttle skill or so very carelessly, that if the plaintiffs’ equity, as to its principle, had'been ever so clear,'the court could not have relieved them for want of a proper state
 
 r r
 
 ment of facts. It is not even certain, who are the plaintiffs. King, Yancy, and Blackwood are mentioned in the title of the billas suing to the use of Hurt, Patterson, and Wills; but how they come to do so cannot be conjectured, as the name of King, Yancy, or Blackwood is no more heard of. Then who Hurt, Patterson and Wills are cannot be told ; for the Christian name of neither of them is given. Again they are said to be assignees of a claim on Z. Trice, on which a judgment was rendered: but what is the nature of the claim, whether a debt by bond or a demand of some other sort, or whether they be the legal or only the equitable assignees, or from whom they got the assignment, or in whose name the judgment was taken, in no manner appears. And besides those, the bill is radically defective in not stating and describing the property conveyed by the debtor, out of which the satisfaction is sought. Here the statement is, that Trice made a fraudulent conveyance to Henslee of valuable property, “consisting of land and negroes.” And that afterwards the Trices and Henslee conweyed the Dilliard Plantation to Strayhorn, the defendant .and “the other property” to Turrentine. It is true the bill .states, that copies of the deeds the Plaintiffs have ready topro.duce, and they pray they may be considered parts of the bill. But they are not exhibited with the bill and there is therefore nothing in the pleadings, from which the precise subjects of litigation can be ascertained. Indeed, if they had been exhibited, that would not dispense with a description of the subjects in the body of the bill, or a statement of so much of the contents of the instruments as maybe necessary to establish the party’s title. The purpose of annexing exhibits is not to enable the pleader to make the pleadings mere skeletons, not in themselves containing the facts and points in controversy, but to obtain an admission of their genuineness from the other side, and for greater certainty as to their contents and as aiding
 
 *575
 
 in the construction from the context. The court, as is well known, seldom adverts to matters of form, and, indeed, perhaps culpably, has been indulgent to very loose pleading in equity; and we very reluctantly make an'y observations on such points. But we feel constrained to animadvert on such very defective statements, as are found in these pleadings; and especially to let it be known, that, in pleadings drawn hereafter, we shall expect so much of the deed or will, as constitutes the party’s title^ to be set forth in the body of his pleadings so that the title may be seen in the pleadings and not merely in the proofs.
 

 The bill must be dismissed with costs ; aftd in taxing them a solicitor’s fee must be included for each of the defendants? Strayhorn and Turrentine, and one for all of the other defendants together.
 

 Psb Cur ram, Decree accordingly.