C. A. HARVEY AND CHAS. S. FERGUSON, *Appellants*, v. JOHN W. MORGAN, *Appellee*.

1. Pleas in equity are required to set forth the ultimate facts offered as a bar to the suit.

2. The averments of a plea in equity must be of matters not alleged in the bill, must be direct and positive, must not state matters by way of argument, reference or conclusion, and must state facts necessary to render the plea a complete equitable defense to the case made by the bill, so far as the plea extends.

3. Where a plea in equity does not state a full and complete defense, or where the necessary facts are to be gathered by inference alone, the plea should be overruled on argument.

4. A plea in equity setting up title to the land through more than seven years continuous occupation and possession under claim of ownership by virtue of a stated written instrument as being a conveyance of the land is sufficient to meet incompetent allegations of invalidity of the defendant's title, and to put in issue the question of the possession of the complainant.

5. Where the ultimate facts averred in a plea in equity set up a single good defense not fully anticipated by the bill, the plea should not be overruled.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*T. E. Lucas* and *Craig Phillips,* for Appellants;

*E. R. Dickerson* and *S. B. Turman,* for Appellee.

WHITFIELD, C. J.—In proceedings to remove a cloud from title to land John W. Morgan alleges "that he is in possession of and has a fee simple title to the" land, that he "deraigns his title from Edwin Forrest, who was the grantee in a deed issued by the State of Florida for said premises and resided thereon for a number of years;" that the defendants claim through a tax deed obtained as specifically stated in the bill, and "that the title and claim of the defendants to said premises is null and void and of no effect save and except to cast a cloud upon the title of" complainant, because the defendants or those through whom they claim "have never been in possession of the said premises; and that their deeds to the said premises convey no title, because they have not brought suit to recover the possession of the land and are now barred by the statute and because the tax deed is null and void." It is also alleged that neither the defendants nor those under whom they claim "have ever entered into or taken possession of said premises," "or enclosed said

premises with a substantial enclosure, nor has said premises been cultivated or improved," nor have the defendants "ever been in actual possession of the said premises, and have never brought suit for the recovery of the actual possession of the premises." Answer under oath was expressly waived. A demurrer to the bill was presented.

The grounds of it argued here are that the validity of complainant's title is not shown and that the invalidity of defendants' title is not shown. The demurrer was overruled and the defendants separately filed two pleas, one of which avers that the defendants or those through whom they deraign title have been in continuous occupation and possession of the premises claiming ownership thereof under a written instrument as a conveyance of the land for more than seven years before the filing of the bill of complaint. The second plea is of adverse possession under a specific tax deed. Upon overruling the pleas the defendants were allowed thirty days to file an amended plea and answer in support of the plea. The defendants jointly filed substantially the same pleas and an answer, but the answer is not signed by the defendants, the signatures being in the names of the defendants by their respective counsel. As the answer was not signed by the defendants, a decree *pro confesso* and final decree for the complainant were rendered.

On appeal it is contended that the court erred (1) in overruling the demurrers to the bill of complaint; (2) in overruling the pleas and requiring an amended plea and an answer in support thereof; (3) in rendering the decree *pro confesso* and final decree.

The entire argument in support of the demurrer to the bill of complaint is that "the demurrers should have been sustained because the bill was vague, indefinite and because the title or interest or even the possession of the

complainant is not set forth with sufficient certainty to require the defendants to plead to the bill of complaint." It is alleged that the complainant is in possession of and has a fee simple title to the land, and that the title is deraigned from a designated person who was the grantee in a deed from the State for the premises and resided thereon for a number of years. These allegations are not very full and specific, but they are not so defective as to be subject to an objection merely that they are vague and indefinite even if such an objection can be made here when not made in the court below. The allegations are not amenable to the bare statement in the brief as above quoted that the title or interest or possession of the complainant is not sufficiently stated to require a plea. No reference is made in the brief to the ground of the demurrer that the allegations of the bill of complaint do not show the invalidity of the defendants' title.

Pleas in equity causes are required to set forth the ultimate facts offered as a bar to the suit. The averments of a plea in equity must be of matters not alleged in the bill, must be direct and positive, must not state matters by way of argument, inference or conclusion, and must state all facts necessary to render the plea a complete equitable defense to the case made by the bill, so far as the plea extends. Where the plea does not state a full and complete defense, or where the necessary facts are to be gathered by inference alone, the plea should be overruled upon argument. DaCosta v. Dibble, 40 Fla. 418, 24 South. Rep. 911; Langdell on Eq. Pl., Chap. 98 *et seq.;* Beames' Pleas in Eq., 34 *et seq.,* 31 Cyc. 49. If pleas do in effect meet the above requirements they should not be overruled.

The first plea in this case avers that the defendants or those through whom they claim title have been in continuous occupation and possession of and claiming the

ownership of the land under a written instrument as being a conveyance of the premises, for more than seven years before the filing of the bill of complaint. The second plea avers seven years continued occupation and possession under claim of title exclusive of any other right founding such claim upon a certain tax deed from the State of Florida. These averments are sufficient to meet the allegations of the complainant as to the invalidity of the defendants' title, and to put in issue the question of the possession of the complainant.

The rule announced in the case of Henderson v. Chaires, 35 Fla. 423, 17 South. Rep. 574, is not applicable here as the allegations of the bill do not clearly show the invalidity of the defendants' title, the allegations denying the possession of the defendants not being full and complete. Under the statute the defendant may have acquired title by adverse possession under color of title even if the allegations of the bill of complaint are true. See Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516, 11 Am. St. Rep. 334; Harris v. Butler, 52 Fla. 253, 42 South. Rep. 186; Chap. 1721 Gen. Stats. of 1906. The plea in effect presents new matter as a single complete defense to the suit, and avoids the rule announced in Keen v. Brown, 46 Fla. 487, 35 South. Rep. 401, that a plea which sets forth nothing except what appears on the face of the bill is bad, and must be overruled although the objection, if raised by demurrer, would have been valid, as the proper office of a plea is to bring forth fresh matter not apparent in the bill. Fletcher's Eq. Pl. & Pr. 270. The ultimate facts averred in the pleas set up a single good defense that is not fully anticipated by the bill.

The final decree is reversed and the cause is remanded with directions to vacate the decree pro confesso and to sustain the pleas. It is so ordered.

SHACKLEFORD, COCKRELL, HOCKER and PARKHILL, JJ., concur.

TAYLOR, J., absent on account of illness, concurred in the opinion as prepared.