MARY E. WARING, R. D. WARING, HER HUSBAND, ARTHUR E. DONEGAN AND CITIZENS BANK OF KISSIMMEE, *Appellants,* v. N. F. BASS, *Appellee.*

Opinion Filed December 21, ·1918.

1. The failure of appellant to give a supersedeas bond is no ground for the dismissal of the appeal.

2. The mere recital in the transcript of the Record that an order was made that the appeal shall operate as a supersedeas does not of itself create a supersedeas. The conditions prescribed by the Statute must be complied with before the appeal operates as a supersedeas.

3. The function of a plea in equity is to bring forward some matter of fact or number of facts tending to a single point which is a complete defense to the whole bill, or some distinct part of it.

4. When a cause in equity is heard on the plea the facts as pleaded are assumed to be true for the purpose of the hearing, the sufficiency of the bill cannot be questioned and every material allegation of the bill not denied by the plea is admitted to be true.

5. The word "Privity" as used in Section 2210, General Statutes of Florida, providing for the acquisition of liens by persons in privity with the owner, against the latter's real property is not employed in the technical sense of the common law, but implies special knowledge showing active consent or concurrence.

Appeal from Circuit Court for Osceola County; J. W. Perkins, Judge.

Order affirmed.

*Johnston & Garrett and Crawford & Jarrell,* for Appellants;

*Z. Bass, Lewis O'Bryan* and *Milton Pledger,* for Appellee.

ELLIS, J.—The appellee filed his bill in equity in the Circuit Court for Osceola County against the appellants to enforce a lien for labor performed and materials furnished in the construction of a building upon a certain lot in the city of Kissimmee. The bill alleged that the contract for the erection of the building was made by Bass with R. D. Waring in July, 1914, and that the build-

ing was completed in April, 1915; that the property was in the name of Donegan, according to the public records of the county, but that he had agreed to convey the lot to Mary E. and R. W. Waring upon the commencement of the erection of the building; that on December 30, 1914, Mary E. Waring and R. D. Waring conveyed it back to Donegan, who took the title with full knowledge that the work was being done, and acquiesced and consented thereto.

In September, 1916, the defendants interposed a plea which averred that during the period between the making of the contract between complainant and R. D. Waring and the completion of the building, Donegan was the owner of the property on which the building was erected, and that Waring had no right, title nor interest in it; that Waring had contracted with Donegan for the erection of the building on the lot, and Waring, as independent contractor, entered into the contract with Bass, the complainant, and that no privity of contract existed between Donegan and Bass; that Donegan conveyed the property to the Bank in June, 1915; that neither Donegan nor the Bank have ever been served with any notice by Bass that Waring was indebted to him for labor or material in the construction of the building, nor have either been served with any cautionary notices such as the statutes of Florida in such case provide.

This plea was overruled April 27, 1917, and decree *pro confesso* was entered against Waring and his wife.

The defendants appealed from the order overruling the plea.

The appellee moved to dismiss the appeal upon the grounds that the record shows no supersedeas bond "to secure the cost of said appeal;" because there is no security by bond or otherwise to indemnify appellee for the

amount claimed in the bill of complaint in the event appellants fail to maintain the appeal; because the same question presented upon this appeal was decided by this court in the same case upon a former appeal, and because the transcript of the record fails to show an order of the chancellor granting a supersedeas.

This motion is denied. The identical question that is presented on this appeal was not presented and decided by this court on the former appeal which was from an order overruling a demurrer to the bill. The bill of complaint contained equity as against Donegan and the Bank because the bill alleged that Donegan took the property over from Waring and his wife with full knowledge that the work was being performed and acquiesced in and consented thereto, which being admitted by the demurrer was sufficient to show an obligation upon his part to pay for the labor performed and material furnished after he took the property back. So that ground of the motion is without merit. The other grounds are also insufficient to warrant a dismissal of the cause. If no supersedeas has been obtained by complying with the statutory requirements, the appeal in nowise affects the right of the complainant to proceed with the cause below.

There is also a motion to strike from the record certain recitals to the effect that upon consent of counsel the appeal by order of the court should operate as a supersedeas to be effective upon the filing and approval of a bond in an amount designated. The motion alleges that no such order was made, and the recital is not based upon any fact appearing in the record, and that the recital "contains matter *in pais,* which forms no part of the record of proceedings in said cause."

This motion is also denied. A mere recital in the record that an order was made that the appeal shall oper-

ate as a supersedeas does not of itself create a supersedeas. The conditions prescribed by the statute must be complied with before the appeal operates as a supersedeas. See Section 1909, General Statutes of Florida, 1906, Florida Compiled Laws, 1914. The mere presence in the record, therefore, of this recital is of no consequence to the appellee and in nowise affects his rights. If such an order was made and a bond given in conformity thereto, they should be copied, not merely recited in the record.

The error assigned by appellants is that the order overruling the plea was erroneous. The function of a plea in equity is to bring forward some one distinct matter of fact or number of facts tending to a single point, which is a complete defense to the whole bill, or some distinct part of it, to which the plea applies. Mitford's Equity Pleading, 177; 2 Daniell's Chan. Prac. 97. See also Harvey v. Morgan, 58 Fla. 427, 51 South. Rep. 140; Pinellas Packing Co. v. Clearwater Citrus Growers' Assn., 65 Fla. 340, 61 South. Rep. 625. The lien which the complainant below seeks to enforce is a statutory lien. See Section 2211, General Statutes of Florida, 1906, Florida Compiled Laws, 1914. The plea avers that Donegan was the owner of the property, that there was no contract between him and Bass for the erection of the building, and that there was no privity between them and no notice was served upon Donegan as the statute requires. Under that statement of facts standing alone no lien existed in favor of Bass upon the property as against Donegan, the owner. See Mullikin v. Harrison, 53 Fla. 255, 44 South. Rep. 426; Stringfellow v. Coons, 57 Fla. 158, 49 South. Rep. 1019. The cause having been heard on the plea the facts as pleaded for the purpose of the hearing were assumed to be true. But it is also the rule that

upon such hearing the sufficiency of the bill cannot be questioned, and every material allegation of the bill not denied by the plea is also admitted to be true.    16 Cyc. 295.

Now the bill alleges, and the plea does not sufficiently deny, that Donegan gave Waring full authority to enter into the contract with Bass for the construction of the building, and that he, Donegan, acquiesced in and consented to the work being done.   So that taking the allegations of the bill and the averments of the plea together the following state of facts is presented, viz: Donegan was the owner of the lot, he authorized Waring to make a contract with Bass for the erection of the building, acquiesced in and consented to the erection of the building by Bass under the contract with Waring. Under this state of facts privity between Bass and Donegan was shown within the meaning of Section 2210, General Statutes of Florida, 1906, Florida Compiled Laws, 1914, which provides for the acquisition of liens by persons in privity with the owner against the latter's real property. "Privity is private knowledge; joint knowledge with another of a private concern; cognizance implying a consent or concurrence." The word privity as used in the statute referred to is not employed in the technical sense of the common law, but implies knowledge and something more in that it implies special or particular knowledge showing active consent or concurrence. One definition of privity as an adjective is: "admitted to the participation of knowledge with another of a secret transaction, secretly cognizant; privately knowing;" as a noun, a partaker; "Persons connected together or having a mutual interest in the same action or thing by some relation other than that of actual contract between them." See 6 Words & Phrases, 5606.

We are of the opinion that the plea interposed was not a perfect defense to the bill, and was, therefore, properly overruled, so the order is affirmed.

BROWNE, C. J., TAYLOR, WHITFIELD AND WEST, J. J., concur.