R. H. HEMPHILL AND REVA HEMPHILL, HIS WIFE, *Appellants,* v. GRETCHEN M. NELSON, *Appellee.*

Opinion Filed March 17, 1928.

*Marshall F. Sanders,* for Appellants;

*Lilburn R. Railey,* for Appellee.

JOHN U. BIRD, Circuit Judge:

Gretchen M. Nelson, appellee, filed her bill in the Circuit Court for Dade County to foreclose a mortgage on certain land located in that county against F. J. Osius, his wife, and others, among whom are the appellants, and alleges the execution of a mortgage securing the payment of three promissory notes for Seventy-five Hundred Dollars ($7500.00) each given by F. J. Osius and wife to Gretchen M. Nelson, and that appellants claim some interest in the mortgaged premises, the nature and extent of which was to the complainant unknown.

Appellants filed plea averring that the defendant R. H. Hemphill, is the owner of the fee simple title to the land described in the bill of complaint in this action; and that the defendant Reva Hemphill, his wife, is the owner of a dower interest in said property; that the defendant appellants deraign their title from the complainant Gretchen M. Nelson and her husband, John E. Nelson, through mesne conveyances to F. J. Osius by warranty deed; from F. J. Osius and his wife, Mary D. Osius, to Gibson Bradfield by warranty deed, and from Gibson Bradfield and his wife, Mildred Ely Bradfield, to R. H. Hemphill by warranty deed.

The plea avers that Gretchen M. Nelson and her husband, John E. Nelson, conveyed the same to Gibson Bradfield by quit claim deed at a date subsequent to the date of the mortgage.

The plea further avers that at the time the complainant,

Gretchen M. Nelson, and her husband, John E. Nelson, executed the above mentioned quit claim deed to Gibson Bradfield, the complainant was then the owner and holder of the mortgage sought to be foreclosed in this action, and that by said quit claim deed and the other facts herein alleged, the complainant thereby divested herself of all estate, lien and interest evidenced by said mortgage, and can not now maintain this action of foreclosure on the same.

No copy of the alleged quit claim deed is attached to or made a part of the plea.

The averments of a plea in equity must be of matters not alleged in the bill, must be direct and positive, must not state matters by way of argument, reference or conclusions, and must state facts necessary to render the plea a complete equitable defense to the cause made by the bill so far as the plea extends; and where the plea does not set out a full and complete defense, or where the necessary facts are to be gathered by inference alone, the plea should be overruled on argument. Harvey *et al.* v. Morgan, 58 Fla. 427, 51 So. 140; McCloskey v. Barr, 38 Fed. 165; 76 Fla. 583.

In this State a mortgage is held to be a specific lien on property described therein and not a conveyance of the legal title or the right of possession. Sec. 3837, Revised General Statutes; Coe v. Finlayson, 41 Fla. 169, 26 So. 704; Evins v. Gainesville National Bank *et al.*, 80 Fla. 84, 85 So. 659; Walker v. Heege, 78 Fla. 667, 83 So. 605.

In Jones on Mortgages, 7th Ed., Vol. 2, Sec. 808, page 279, the eminent writer says:

"Where the legal title is regarded as remaining in the mortgagor and the mortgagee only acquires a right to enforce payment of his claim it is held that a deed made by the holder of the mortgage conveying all his 'estate, title and interest' in the real estate mortgaged will not operate

as an assignment of the mortgage, for this is a conveyance of the land, in which he has no title. His interest is a chattel interest, inseparable from the debt it was given to secure. In like manner, it is held that a conveyance by the mortgagee of all his right, title and interest in the land passes nothing unless the debt be assigned, as the mortgage is a mere security incident to the debt.

"It is held that an assignment of a mortgage to be effectual must either be formal, or it must appear from the instrument that it was intended to operate as such. A conveyance by the mortgagee before entry for condition broken is inoperative, unless intended as an assignment of the mortgage and debt, and such intention be made to appear. Although the mortgage be in the form of an absolute deed and bond for the reconveyance, if the bond is recorded with the mortgage the mortgagee cannot convey any interest in the property before condition broken, unless it be by assignment. Unless intended to operate as an assignment of the mortgage and transfer of the debt, a conveyance by the mortgagee to a third person is entirely inoperative. The intention that a deed shall have this operation must be made to appear."

In the case of Jordan v. Sayre *et al.,* 29 Fla. 100, 10 So. 823, this Court held:

"A conveyance by the mortgagee of the mortgaged premises before foreclosure, or an attempted foreclosure, unless such conveyance contain a grant of the mortgaged debt, or unless its terms are sufficient to carry this interest, and it was intended by the parties to have this effect, will be inoperative for this purpose."

The plea avers that the conveyance from Nelson to Bradfield was a quit claim deed. Quit claim deeds are of such various forms and are given for such variety of purposes, that it became the duty of defendants to have made it

appear that it was the intention of the parties to this deed that the property described in the deed was released from the mortgage and the debt assigned or discharged in so far as this property is concerned; and having failed to do so, the plea fails to state a defense.

It is said in Vol. 8, Standard Encyclopedia of Proceedure, 815-816:

"In most jurisdictions, if either party to a suit in chancery relies upon any instrument or writing, as is required in pleading at law, he must in his pleading state the substance thereof, and file with or attach to such pleading as an exhibit, such paper or instrument, or a true or authenticated copy thereof, or assign by proper allegations in his bill some satisfactory reason for their non-production."

See also King v. Price, 38 N. C. 568.

A quit claim deed covering mortgaged premises made by the mortgagee to a person other than the holder of the fee or the mortgagor or his privies in title, where the debt is not assigned or satisfied, conveys no right since the mortgagee had only a lien upon the property which lien is inseparable from the debt which the mortgage is given to secure. See Jordan v. Sayre, *supra;* Jones on Mortgages, *supra.*

The plea shows that the quit claim deed was dated May 21, 1925, and was made to Gibson Bradfield, who at that time was a stranger to the title, and, for aught that appears in the plea, had no interest therein, and did not acquire title until the first day of July, 1925; it cannot be said that the complainant who did not then own the property and had no interest therein other than the mortgage lien securing the payment of a debt, which was inseparable from the debt, conveyed anything by this deed. Therefore, the plea being insufficient and failing to set forth any defense to the bill, the Court did not err in overruling the same and its order is, therefore, affirmed.

504

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.