LOUIS BELL EDASON, by Charles Edason, his next friend, and CHARLES EDASON, Appellants, v. CENTRAL FARMERS' TRUST COMPANY, a corporation; J. E. TAYLOR as trustee; J. E. TAYLOR; D. W. C. RUFF; W. B. TILTON; J. A. NEWNHAM; HARRY DYER; AND ROTH BROS., INC. OF FLORIDA, a corporation, *Appellees.*

En Banc.

Opinion filed July 28, 1930.

*T. B. Ellis, Jr.,* for Appellants;

*Smith and Kanner and George W. Coleman,* for Appellees.

MATHEWS, Commissioner.—Bill was filed by Maude E. Edason and Charles Edason her husband to foreclose a purchase money mortgage, for an accounting and for cancellation of a trust. Maude E. Edason died shortly after the bill was filed, and thereupon the County Judge of St. Lucie County made an order that no administration was necessary on the estate of Maude E. Edason, and the chancellor made an order that this cause proceed in the name

of Louis Bell Edason by his next friend and Charles Edason as complainants. Demurrers attacking the bill for multifariousness and misjoinder of parties complainant were filed by the appearing defendants, and from an order sustaining the demurrers complainants appealed.

The bill alleges: conveyance of the mortgaged land by Charles Edason joined by Maude E. Edason his wife to Taylor and associates; execution by Taylor and associates in favor of Charles Edason of notes and mortgage sought to be foreclosed; execution by Charles Edason of trust assignment to defendant trust company assigning notes and mortgage sought to be foreclosed, same being assigned in trust for the purpose of receiving interest and proceeds therefrom, making certain designated payments and paying the balance of the net income therefrom to Maude E. Edason during her life and with power in the trust company to retain said notes and mortgage until maturity and also to sell and dispose of same and invest and reinvest the proceeds thereof; conveyance of the mortgage lands by Taylor and associates to Roth Bros. Inc.; breach of the mortgage covenants and suit brought by trust company in the name of Charles Edason to foreclose; acceptance without authority by trust company from Roth Bros. Inc. of conveyance to Charles Edason conveying the mortgaged lands and dismissal without prejudice of suit brought by trust company; that no part of the mortgage indebtedness has been paid; that the notes and mortgage are held by trust company in trust under the terms of the trust agreement; and that trust company refuses to surrender the notes and mortgage to complainants.

No title, ownership, possession or right of possession, in the notes and mortgage is shown to be in Louis Bell Edason, and he appears to be improperly joined as a party complainant to the foreclosure.

A demurrer is the proper method of reaching defects of parties appearing upon the face of a bill of complaint in equity. Wood v. Wood, 56 Fla. 882,‛ 47 So. R. 560.

Bill to forclose a mortgage should show that it is brought in the name of the owner of the debt secured by the mortgage. Smith v. Kleiser, 91 Fla. 84, 107 So. R. 262; Chestnut v. Robinson, 85 Fla. 87, 95 So. R. 428; Armstrong & Donahue, Florida Chancery Jurisprudence, 52.

The bill seeks to cancel the trust agreement made by Charles Edason to defendant trust company for Maude E. Edason during her lifetime. Complainants admit in their brief that a decree declaring the trust at an end is necessary to vest ownership of the notes or mortgage in the complainants. This instrument is not fully pleaded and complainants have failed to attach a copy of such instrument to the bill and have not assigned any reason for failing to do so.

Where a party in a suit in chancery depends upon an instrument or writing as the basis for his right or defense, he must in his pleadings state the substance thereof and file with, or attach to, such pleadings as an exhibit such instrument or writing or a true copy thereof, or assign by allegations in his pleadings some satisfactory reason for their non-production. Hemphill v. Nelson, 95 Fla. 498, 116 So. R. 498.

Appellants contend that this suit is brought primarily for foreclosure and that all other relief sought by the bill is necessarily incidental to the foreclosure. The bill alleges that when the previous suit for foreclosure was brought by defendant trust company, Maude E. Edason advanced for the purpose of instituting foreclosure the sum of $900.00 and Charles Edason advanced to defendant trust company for the same purpose the sum of $175.00; that complainant Louis Bell Edason and Charles Edason are the heirs of

Maude E. Edason; that defendant trust company has refused to account for said money; and that complainants are entitled to an accounting therefor. An accounting as to the $900.00 and the $175.00 advanced for the previous foreclosure proceeding is not necessarily incident to or germane to the present foreclosure proceeding and any unexpended portion of such moneys remaining in the hands of the trust company cannot be properly included in a decree of foreclosure in this suit.

Where a bill seeking foreclosure of a mortgage and an accounting between complainants and certain defendants shows that necessary parties complainant to the foreclosure are in part different from necessary parties complainant to the accounting, and that the foreclosure and the accounting involve two separate and independent transactions in which the subject matter is entirely different, it is multifarious. Crandall v. Owen, 97 Fla. 198, 120 So. R. 319.

Defendants contend that Charles Edason is not entitled to foreclose because the bill shows upon its face that the lands covered by the mortgage were conveyed to him at the time the previous suit for foreclosure was dismissed without prejudice and that a foreclosure can only result in a probable deficiency decree against the makers of the mortgage. The bill substantially alleges that defendants, Taylor and associates, hold a second mortgage made by defendant, Roth Bros, Inc., upon the mortgaged land; and that such mortgage is unsatisfied and is secondary and inferior to complainants' mortgage. As to the right of the complainant, Charles Edason, to whom the lands were conveyed in settlement of a former foreclosure, to maintain another foreclosure, proceeding, he stands in the position of a purchaser at a foreclosure which was not fully operative.

This Court has held when for any reason foreclosure proceedings are inoperative, irregular, or void, the purchaser at the sale becomes subrogated to the rights of the mortgagee to the mortgage and the indebtedness secured and thereby becomes virtually an equitable assignee of such mortgage and of the debt it secures with all the rights of the original mortgagee and becomes entitled to an action *de novo* for the foreclosure of such mortgage against all parties holding junior encumbrances or the legal title, who have been omitted as parties to such original foreclosure proceedings under which he bought. Meyer v. Fla. Home Finders, 90 Fla. 128, 105 So. R. 267; Crystal River Lbr. Co. v. Knight Turpentine Co., 69 Fla. 288, 67 So. R. 974, Ann. Cas. 1917D, 574; Key West W. & C. Co. v. Porter, 63 Fla. 448, 58 So. R. 599, Ann. Cas. 1914A, 173.

The order sustaining the several demurrers is affirmed with directions to the court below to permit the complainants to amend the bill.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion, prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the court below sustaining the several demurrers be and the same is hereby affirmed with direction to the court below to permit the complainants to amend the bill.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

ELLIS, J., dissents.

BROWN, J., not participating.

ELLIS, J., dissenting:

·· The demurrers to the bill should have been overruled. The objections that the bill is multifarious is not well founded in my opinion. The relief sought against the Central Farmers Trust Co., is merely incidental to the main purpose of the bill in which all the defendants are interested.