H. O. TAYLOR, *Appellant*, vs. FERROMAN PROPERTIES, INC., a Florida Corporation, and CHENEY DEVELOPMENT CORPORATION, a Florida Corporation, *Appellees*.

139 So. 149.

Division A.

Opinion filed December 22, 1931.

Petition for rehearing denied March 4, 1932.

*G. P. Garrett*, for Appellant;
*Maguire & Voorhis*, for Appellees.

BUFORD, C.J.—The appeal here is from a final decree in a case which sought to subject certain real estate to a materialman's and laborer's lien for certain dredging and filling in of the real estate which bordered on a lake, which material and labor was furnished under a contract between the contractor and what is termed the lessee of the owner. The final decree denied the lien on the property as against the owner.

The record discloses that the property involved was owned by Cheney Development Corporation, a Florida Corporation. The City of Orlando, through its officials, had denied the owner the right to erect certain classes of buildings on the property. The property could be made useful and valuable for the owner by dredging from the lake and filling in a part of the real estate which was low and undesirable in its then condition. The owner on September 30, 1925, entered into a contract with Ferroman Properties Inc., a Florida Corporation, the pertinent parts of which contract were as follows:

"The lessor is the owner of that certain property hereinafter described and Lessee is desirous of purchasing same. The City of Orlando has indicated that it will resist, in every manner, dredging and/or filling in the said property and instructions have been given City Officials to refrain from issuing building or other permits in connection therewith. The purpose of this agreement is to effect a lease upon the property to the Lessee for the purpose of settling the legality of the City's refusal to permit improvement of the property, and to give to the Lessee the option of purchasing the property upon the terms herein outlined during the continuance of this lease, and until it can be legally decided whether

buildings can be built upon the property and the same dredged or filled in."

"Lessee shall have immediate possession of the above described property and shall have the right to dredge and/or fill in the same and to construct thereon such buildings as it may desire to construct.

If, as and when Lessee shall obtain the legal right and/or permission to dredge and/or fill in the above property and to construct thereon commercial buildings without molestation or interference from the City of Orlando or other governmental authority, and until any proceedings at law or in equity concerning same have been finally settled dismissed or adjudicated, then the Lessee agrees to pay to the Lessor the said rent for the period at that time expired at the rate of $500.00 per month."

"If, at the expiration of six months from the date hereof, the Lessee shall not have acquired such legal right, this lease and agreement may be renewed or extended upon such terms as may be agreed upon."

Thereafter, on April 1, 1926, a supplemental agreement was entered into between the same parties which contained the following pertinent provisions:

"The Lessor is the owner of that certain property hereinafter described and Lessee is desirous of purchasing same. The City of Orlando has indicated that it will resist in every manner dredging and/or filling in the said property, and instructions have been given City Officials to refrain from issuing building or other permits in connection therewith. The purpose of this agreement is to effect a lease upon the property to the Lessee for the purpose of settling the legality of the City's refusal to permit improvement of the property, and to give to the Lessee the option of purchasing the property upon the terms herein outlined during the continuance of this lease and until it can be legally decided whether buildings can be built upon the property and the same dredged or filled in."

"Lessee shall have immediate possession of the above described property and shall have the right to dredge and/or fill in the same, and to construct thereon such buildings as it may desire to construct.

"If, as and when Lessee shall obtain the legal right and/or permission to dredge and/or fill in the above property and to construct thereon commercial buildings without molestation or interference from the City of Orlando or other governmental authority, and until any proceedings at law or in equity concerning same have been finally settled, dismissed or adjudicated, then the Lessee agrees to pay to the Lessor the said rent for the period at that time expired the sum of One Thousand Dollars ($1,000.00)."

"In the event the Lessee shall become involved in litigation or proceedings at law or in equity to reach a conclusion, determination or dismissal of which a longer time will be necessary than the three (3) months, provided for herein, then, and in that event, it is agreed that the terms of this indenture shall be extended for such additional period of time but the rent reserved for whatever period this agreement runs shall remain fixed at One Thousand Dollars ($1,000.00). In the event the Lessee cannot acquire the legal right and/or permission expressed herein, no rent reserved shall be paid for this lease."

"The Lessee agrees to proceed with the dredging of the property and with application for building permit and agrees to do such other things as may be incident to obtaining the right sought hereunder with all speed. And it is further agreed that in the event of any litigation concerning the property, the Lessor may, at its option, be made a party to the litigation in order to protect properly its rights in the premises."

Thereafter, on the 22nd day of April, 1926, Ferroman Properties, Inc., entered into an agreement with H. O. Taylor for dredging contemplated in two contracts between the owner and Ferroman Properties, Inc. Taylor carried out his contract. Before the contract was finished, however, Cheney Development Corporation notified Taylor that it would not be responsible for the payment of monies due him under his contract with Ferroman Properties, Inc.,

It appears from the record that this notice was served on March 16th, 1927, and at that time Taylor had com-

pleted all but about 2,000 cubic yards of the filling to be done under the contract which contemplated some 82,000 cubic yards.

We think this notice by the owner to Taylor that it would not be responsible to him for the payment of the contract price of the work is of no consequence.

The record shows that Cheney Development Corporation entered into the contract with Ferroman Properties, Inc. for the specific purpose of procuring a test of the right of the owner to fill in the property and use the same for the purpose to which the owner wished to apply it. The contract between these parties specifically authorized the lessee to take possession of the property and to dredge and fill in the same and by this provision in the contract the owner authorized the lessee to make the contract with Taylor under which Taylor would acquire a lien on the property. In this respect there is no material difference between the facts existing in this case and those which existed in the case of Warren et al. vs. Bass, 76 Fla. 583, 80 Sou. 514. In that case this Court said:

"Donegan was the owner of the lot, he authorized Waring to make a contract with Bass for the erection of the building, acquiesced in and consented to the erection of the building by Bass under the contract with Waring. Under this state of facts privity between Bass and Donegan was shown within the meaning of section 2210, General Statutes of Florida, 1906, Florida Compiled Laws, 1914, which provides for the acquisition of liens by persons in privity with the owner against the latter's real property. 'Privity is private knowledge; joint knowledge with another of a private concern; cognizance implying a consent or concurrence'. The word privity as used in the statute referred to is not employed in the technical sense of the common law, but implies knowledge and something more in that it implies special or particular knowledge showing active consent or concurrence. One definition of privity as an adjective is: 'admitted to the participation of knowledge with another of a secret transaction, secretly cognizant;

privately knowing'; as a noun, a partaker; 'Persons connected together or having a mutual interest in the same action or thing by some relation other than that of actual contract between them'." (see Words & Phrases, 5606.)

. The statute under consideration in that case is the same which we have under consideration here and the opinion in that case is sufficient authority, 'though many cases could be cited from other jurisdictions, to warrant the reversal of the decree insofar as it dismissed the bill of complaint as to the defendant Cheney Development Corporation. The decree in this respect should be reversed with directions that a decree of foreclosure upon the lands be entered against Cheney Development Corporation for the amount found to be due to the complainant in the court below for labor and material furnished. It is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.