Rosamond Morin, a Single Woman, v.
Theodore Dehon, *et al.*

191 So. 1
Division B
Opinion Filed July 28, 1939
Rehearing Denied September 28, 1939

*Carroll Dunscombe,* for Appellant;

*Smith & Kanner* and *Evans Crary,* for Appellees.

Per Curiam.—In August, 1920, Carroll Dunscombe and wife executed a mortgage to St. Lucie Fruit Company, describing Lots 11, 12, 15, and 16, Block 19, Section Four, St. Lucie Estates. Later, the mortgagors executed a deed to St. Lucie Estates, describing the same lands, but subject to the lien of the mortgage. The mortgage to St. Lucie Fruit Company provided that the mortgagee would release the lien of its mortgage on the lots described upon payment to it of $650 per lot. St. Lucie Estates paid to St. Lucie Fruit Company the sums necessary to release the lots as per terms of the mortgage. St. Lucie Fruit Company then assigned and quit claimed to St. Lucie Estates all its interest in the mortgage against the lots.

The appellee, Julian Dehon, acquired title to Lots 15 and

16, and appellees Theodore Dehon and wife Helen Dehon acquired title to lots 11 and 12. The bill of complaint herein was filed by appellant against appellees. It sets up the foregoing facts and asserts that none of the lots in question have been released. It prays that appellees be required to pay appellant the sums necessary to release the lots from the mortgage with interest, costs and attorneys fees and in default thereof the lands be sold to satisfy all claims against them. A motion to dismiss both the original and the amended bill of complaint was granted and this appeal was prosecuted.

The motion to dismiss among other grounds alleged that the bill was without equity, that it was an attempt to construe the quit-claim deed from St. Lucie Fruit Company to Carroll Dunscombe as an assignment of a mortgage, and that in effect it attempted to vary the terms of a written instrument by parol evidence.

We have examined the record in the light of each question propounded. Two able chancellors have passed on the pleadings and we think every question raised is answered by Hemphill, *et ux.*, v. Nelson, 95 Fla. 498, 116 So. 498. The judgment below is affirmed on authority of that case.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.