W. A. CATLETT and wife, ELSIE CRAWFORD CATLETT, *Appellants*, v. JOHN F. WHITE and his wife, MARY G. WHITE, *Appellees*.

135 So. 565.

Division B.

Opinion filed June 23, 1931.

Petition for rehearing denied August 10, 1931.

*D. C. Campbell*, of Jacksonville, for Appellants;

*L. R. Milton*, of Jacksonville, for Appellees.

DAVIS, J.—The bill filed in this case purports to be for specific performance of a contract to convey land. The suit was brought by the vendee against the vendor. Vendee was in default in paying the required installments of the purchase price, but attempted to excuse the default by objecting to vendor's title. The objections to the title were met by the vendor, notwithstanding which the vendee continued to refuse to make payments as required by the contract.

Vendor filed an answer seeking affirmative relief on a

counter-claim for the unpaid purchase price against the vendees. Decree pro confesso was taken on the answer.

Testimony was heard before a Master and final decree entered by the Chancellor in favor of the vendor on his counter-claim, but requiring vendor to make and place in escrow with the Master a good and sufficient deed conveying the title to vendee upon vendee's completing payments of the purchase price found to be due, and adjudged to be paid. In default of payment by vendee, foreclosure and sale of the land was decreed in favor of the vendor. Appellants, who were complainants in the suit, appeal from the decree against them on the counter-claim.

A decree in equity will be affirmed where it appears from an examination of the entire case after it has gone to final hearing and been decided on the merits, that errors complained of as to pleading and procedure during the progress of the cause have not resulted in a miscarriage of justice. Day v. Weadock, 101 Fla. 333, 134 So. 525, decided at the last term.

Final decree affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.