FAGG MILL WORK & LUMBER COMPANY, a corporation, *Appellant,* vs. BLANCHE C. VAN EVERY GREER and PAUL GREER, her husband, *Appellees.*

136 So. 679.

Division B.

Opinion filed September 19, 1931.

Petition for rehearing denied October 21, 1931.

T. T. *Oughterson*, of Stuart, for Appellant;

*John J. Moore* and *J. A. Moore,* of Stuart, for Appellees.

DAVIS, J.—The appellees were made defendants in the court below in a chancery proceeding for the foreclosure of a lien for materials alleged to have been furnished to construct a dwelling house for Mrs. Blanche C. Van Every prior to her marriage to Paul Greer. The Special Master to whom the cause was referred and the Chancellor found that the equities were in favor of the defendants, and that appellants had not sustained the burden of proving the case attempted to be made by them in their allegations and proof. The appeal complains of the making of the final decree as being contrary to the equities as disclosed by the proof, as well as of errors alleged to have been committed by the Chancellor in sustaining the Master in excluding certain evidence which the appellants assert most earnestly should have been admitted.

It is perhaps true that the Special Master applied the rules respecting the admission and rejection of evidence too strictly against the appellants, and that certain evidence was excluded by the Master, (whose ruling was upheld on exceptions before the Chancellor) which should have been admitted.

It appears from the record that the property owner, Mrs. Blanche Van Every made a contract for the erection

of a dwelling house for her use; that this contract was made with a contractor named Warner; that the contract required Warner to furnish all the materials and in consideration of the completion of the structure according to the contract and specifications that the owner was to pay the contractor an agreed sum for the construction; that pursuant to this arrangement that the contractor began to get supplies and materials for his work from the appellant, Fagg Millwork and Lumber Company; that such supplies and material were furnished to the contractor by the materialman on his own responsibility and that no cautionary notice to the owner was either given or relied on by the materialman at the beginning of the construction, nor did the materialman at that time look to the owner as his debtor or expect such owner to pay him for the materials he was furnishing to the contractor; that the contractor was not only getting materials originally for this particular owner, but for other work he was doing; that bills for the materials were regularly made out to the contractor in the contractor's name, although designated as for "Van Every" job. It then appears that Mrs. Van Every became dissatisfied with the contractor and wrote him a letter to the effect that "after this I shall pay the remaining bills myself to know that the money goes where it should". This letter the contractor turned over to the appellant Lumber Company. After this Mrs. Van Every went to the appellant's office and stated verbally that in the future she would pay all the bills *if they were invoiced and billed to her,* but gave nothing in writing to bind her to that effect. This last transaction occurred in December, 1925.

There is evidence to the effect that although the contractor himself took the matter up with the appellant corporation to have them send the bills and invoices for materials and supplies direct to the owner so that she might pay them in accordance with her previously ex-

pressed desire to do so, that the mill company did nothing to comply with the owner's offer but continued to furnish materials to the contractor and to bill him for them. It was not until after it had failed to realize its money from the contractor, that the mill company appears to have sent bills to the owner and to have attempted to exact payment from her as being for her own direct indebtedness. In the meantime the owner had paid the contractor all that was due him, the contractor apparently failing to pay over a portion of this money to the materialman, for materials used by him.

The theory on which appellant sought to foreclose its lien is that during the progress of the work the relationship of the owner to the materialman became so changed by the transactions hereinbefore stated as to make the property owner a principal debtor for the materials theretofore and thereafter furnished. McFarland Lumber Co. vs. Selby, 129 Miss 894, 93 So. 434, and Delta Lumber Co. vs. Wall, 119 Miss. 350, 80 So. 782, are cited to support this contention. The evidence, however, appears to support the finding of the Chancellor and the Special Master to the effect that the offer of the owner to pay for materials *if invoiced to her* was never accepted nor acted on by the materialman under such circumstances as to make Mrs. Van Every a principal debtor, and that the materialman elected to continue to do business with the contractor expecting to get its money from him, failing in which, the mill company attempted to fall back on a claim against the owner based on the transactions to which we have alluded.

Giving full effect to all that was attempted to be proved in the form of evidence offered by the appellant in the court below, it does not appear that the decree could have been otherwise than for the defendant. This conclusion could not be affected by the rulings complained

of as to the exclusion of evidence, so the errors in that regard, if any, were harmless.

This Court is committed to the doctrine that a final decree in equity will be affirmed where alleged errors in pleading and procedure during the progress of the cause have not resulted in a miscarriage of justice (Catlett vs. White, 102 Fla. 110, 135 So. 565) or where it is apparent that a reversal for the errors complained of would prove ineffectual and of no benefit to the party asking it, as where the court can see that the same result must inevitably be reached a second time even after the excluded evidence is admitted. Small vs. Colonial Investment Company, 92 Fla. 503, 109 So. 433.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.