H. C. WOODRUFF, *Appellant,* vs. THE LANTANA FINANCE CORPORATION, a Florida Corporation, *Appellee.*

.136 So. 712.

Division B.

Opinion filed September 19, 1931.

*W. H. Mizell*, of West Palm Beach, for Appellant;

*Kearly, Fisher, VanMetre & Chapman*, of West Palm Beach, for Appellee.

DAVIS, J.—About the year 1922-1923, the Lantana Finance Corporation, appellee, undertook the development of a tract of land on Hypoluxo Island, in Palm Beach County, Florida, which has since become known as Hypoluxo Island Addition to the Town of Lantana. At the time of the institution of this project in the year 1922, the appellee prepared a printed form of contract for use in the sale of lots in the subdivision. At that time it appears to have been contemplated that the improvements would be completed by January in the year 1924, and accordingly the printed form contained an agreement to so complete these improvements by the date therein stipulated. The printed contract also contained

a further clause giving the purchasers the option to receive back their investments in the event the improvements were not completed by September 1, 1924, which was the stipulated date. This printed form was used in making the contract with the appellant as a purchaser of real estate consisting of two lots on the East side of the Island. This contract was made January 7, 1925. Although dated as of that date, it still contained the stipulation that the improvements would be made and completed by September 1, 1924.

Appellant, the vendee, sued the vendor in the court below for rescission of contract on the ground of the vendor's alleged material breach of dependent covenants to make certain stipulated improvements, and also for a rescission of the contract upon the ground of vendor's alleged fraud and misrepresentation leading up to the making of the contract. The vendor filed its answer admitting the making of the written contract and its undertaking to complete the improvements described in the contract, as well as certain oral undertakings with reference to a canal on the East side of the Island, and alleges that all of these improvements were fully completed as agreed and within a reasonable time under the applicable circumstances and conditions. All fraud and misrepresentations alleged by the vendee were denied. A cross bill filed on the same date as the answer set up the making of the contract, the performance thereof by the vendor and the breach and default of the purchaser in failing to pay the purchase price of the lots as therein provided. In this cross bill of complaint the vendor prayed for the complete determination of the controversy in the equity court and the entry of a money order decree against the cross defendant for the balance of the purchase price, with interest. An answer was filed to this cross bill denying all of its essential allegations, in which answer was incorporated a demurrer.

Voluminous testimony was taken in the cause before a special master, and at the final hearing the court entered its final decree finding the complainant, purchaser, had failed to sustain the allegations contained in the bill of complaint or contained in his answer to vendor's cross bill of complaint; that the vendor had sustained the allegation contained in its answer and cross bill and that the equities were with the vendor, The Lantana Finance Corporation; that there was due, principal and interest, upon the purchase price the sum of $8,738.41 owing from the purchaser, H. C. Woodruff, to the vendor, for which amount judgment was entered and execution order to issue. The appeal is from this final decree.

We find that the cause was tried, heard and determined by the chancellor in the court below in accordance with the principles laid down by this Court in its adjudged cases dealing with complaints for rescission of contracts for the purchase of real estate (Smith v. Home Seekers Realty Company, 97 Fla. 236, 122 So. 708; Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. 790; Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 So. 252; Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 308; Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769; Nixon v. Temple Terrace Estates, 97 Fla. 392, 121 So. 474; Walker v. Close, 98 Fla. 1103, 125 So. 521, 527), and that the evidence amply sustains the findings of the chancellor as to the merits when weighed in the light of the foregoing authorities.

The chancellor found that there had been substantial compliance by the vendor within a reasonable time with regard to performance of the express covenants contained in the vendor's written agreement of sale. This was all that the vendee was entitled to demand in view of the nature of the clause incorporated into the contract which required performance to be completed on a date antedating the written agreement.

In Tennant Land Co. v. Nordeman, 148 Ky. 361, 146 S. W. 756, it was held that where a contract provided that certain improvements upon a certain avenue should be completed as advertised in the fall of 1906 whereas the contract was made in February, 1907, that the dates would be disregarded and that the land company would be bound to complete performance within a reasonable time. The same conclusion has been reached by this Court where the contract specified no time for performance whatsoever. Walker v. Close, 98 Fla. 1103, 125 So. 521.

In other respects, the findings of the chancellor appear to be sufficiently supported by the evidence within the rule which precludes reversal of decrees in equity by this Court on disputed questions of fact. Craft v. American Agricultural Chemical Co., 81 Fla. 55, 87 So. 41.

At the hearing certain evidence was offered and received on behalf of the defendant over the objection of the complainant. In view of the nature of the issues made and the ultimate facts to be determined, the reception of this evidence cannot be held to be error on the ground that it is irrelevant and immaterial. Pryor v. Oglesby, 50 Fla. 248, 39 So. 593. In that case it was held that whatever evidence is offered which will assist in knowing which party speaks the truth upon the issues in an action is relevant, and, when to admit it does not override other formal rules of evidence, it should be received.

Complaint is also made that the court sustained certain objections made by the defendant to the introduction by complainant of copies of certain newspaper advertisement which had been published by the appellee in the Palm Beach Post of the respective dates thereon shown. They were ruled out by the Court evidently on the theory that inasmuch as it was not shown that they had been read by the purchaser or relied upon by him in any way that they therefore could not be admitted in evidence as proof

of the alleged misrepresentations which were charged to have been made and relied on by the complainant. If such was their purpose, they were properly excluded (Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630) since no connection was shown. We are unable to find that error has been shown in the admission or rejection of evidence.

A decree in equity will be affirmed where it appears from the examination of an entire case after it has gone to final hearing and been decided on the merits that errors complained of as to pleading and procedure during the progress of the cause have not resulted in a miscarriage of justice. Day vs. Weadock, 101 Fla. 333, 134 So. 525; Catlett v. White, 102 Fla. 110, 135 So. 565.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.