C. A. ROUTH and IRENE G. ROUTH, *Appellants,* vs. ENOCH
C. RICHARDS, *Appellee.*
138 So. 69.
Division B.
Opinion filed November 30, 1931.

T. B. *Ellis, Jr.*, of Fort Pierce, for Appellants;

*Vocelle & Mitchell*, of Vero Beach, for Appellee.

DAVIS, J.—This was a foreclosure proceeding in which the complainant filed his bill for foreclosure of a mortgage without annexing to it or filing with it the original mortgage or a *certified* copy thereof. The chancellor overruled a demurrer raising such objection, and it is this ruling which constitutes the principal assignment of error upon which reversal of the final decree of foreclosure rendered herein is sought.

In the Revised General Statutes of Florida, 1920, two Sections were contained which read as follows:

"3117. (1868) IN CASES OF FORECLOSURE.—In the foreclosure of any mortgage the original mortgage or a certified copy of the same, certified by the Clerk of the Circuit Court of the county in which the same shall have been recorded, shall form a part of the bill of complaint for the foreclosure of such mortgage."

"3845. (2501) BILL OF COMPLAINT.—In foreclosure, the original mortgage, or a certified copy thereof, certified by the Clerk of the Circuit Court in whose office it was recorded, shall be annexed to the bill of complaint as a part thereof."

The foregoing Sections of the Revised General Statutes of 1920 were carried forward into the Compiled General Laws of 1927 as Sections 4903 and 5748, but, it appears, the 1927 Legislature enacted Chapter 12095, Laws of Florida, Acts of 1927, which amended Section 3845 Rev. Gen. Stats., 1920 so that the same should read as follows:

"3845. (2502) BILL OF COMPLAINT.—IN FORE-

CLOSURE, the original mortgage, or a copy thereof shall be annexed to the bill of complaint as a part thereof.''

In making the amendment to Section 3845 Rev. Gen. Stats., the Legislature ignored Section 3117, Rev. Gen. Stats., which was neither amended nor referred to in Chapter 12095, *supra*.

Thus we have appearing in the Compiled General Laws of 1927 two apparently conflicting Sections, first, Section 4903 C. G. L. providing that in the foreclosure of any mortgage the original mortgage, or a certified copy of the same, shall form a part of the bill of complaint for the foreclosure of such mortgage, and the other, Section 5748 C. G. L., providing that in the foreclosure the original mortgage or a copy thereof (not required to be certified) shall be annexed to the bill of complaint as a part thereof.

Both of the Sections of the Revised General Statutes of 1920 to which we have made reference were originally a part of Chapter 2004, Acts of 1874, and they appear to have been separated and stated in different portions of the Revised Statutes prepared subsequent thereto by the compilers and revisers of the subsequent statutes.

Although the appellants earnestly insist to the contrary, the Court is of the opinion that the effect of the enactment of Chapter 12095, Acts of 1927, amending Section 3845, R. G. S., is to dispense with the *necessity* of annexing to the bill of complaint in a mortgage foreclosure case a *certified* copy of the mortgage being foreclosed. Not only is Chapter 12095, *supra*, the last expression of the Legislature on the subject, but it is obvious that its purpose and intent could only have been to remove from the statutes the requirement theretofore existing to the effect that either the original or a *certified* copy thereof must be attached to the bill of complaint in a mortgage foreclosure case.

Where two legislative acts are repugnant to or in con-

flict with each other, the one last passed being the latest expression of the legislative will must govern, although it contains no repealing clause. United States v. Tynen, 11 Wall. 88 (U. S.), 20 L. Ed. 153, 36 Cyc. 1073, 25 R. C. L. 917; Jacksonville v. Bowden, 67 Fla. 181, 64 Sou. Rep. 769.

Section 3845 R. G. S., as amended by Chapter 12095, *supra,* expressly eliminates all reference to annexing to the bill of complaint as a part thereof a "certified" copy of the mortgage being foreclosed. The purpose of the Legislature in omitting the reference to a "certified" copy, as distinguished from a copy not certified, appears to be plain and must be given effect by the courts under the rule above announced. If, as contended by appellants, there is no real conflict between Section 3845 R. G. S., as amended by Chapter 12095, *supra,* and Section 3107, R. G. S., which is not amended, we must nevertheless construe the two sections together and give effect to the intent evidenced by the 1927 amendment by holding that when the original mortgage, or a *certified* copy thereof shall be annexed to the bill of complaint as provided by Section 3845, R. G. S., as amended, that the same "shall form a part of the bill of complaint for the foreclosure of such mortgage" as provided by Section 3117 R. G. S.

The language of Section 3117 R. G. S. is that the mortgage sued on in a foreclosure case when attached to the bill of complaint "shall form a part of" such bill of complaint. In other words, said Section does not require in terms that the original mortgage or a certified copy thereof shall be annexed to the bill of complaint, but simply provides that if such original mortgage or such certified copy *is annexed* that then such original mortgage or certified copy shall "form a part of" the bill of complaint.

On the other hand, Section 3845 R. G. S., as amended, in terms deals with what *must be done by the pleader* in a foreclosure case and requires the pleader to either at-

tach to the bill of complaint his original mortgage or a copy thereof. Such requirement may be met, therefore, by attaching to the bill of complaint either the original mortgage, a certified copy of it, or a copy not certified. But if the complainant attaches the original mortgage or a certified copy of it, then under Section 3117 R. G. S., it is provided by the statute that the effect of so attaching the original or a certified copy of such mortgage is to make the same "form a part of the bill of complaint for the foreclosure of such mortgage," which may or may not be the effect of merely attaching an uncertified copy, depending on the manner in which the bill of complaint is framed.

When neither the original nor a certified copy of the mortgage is annexed, but an uncertified copy only is used, then such uncertified copy may not "form" a part of the bill of complaint unless expressly referred to and made so by its allegations. But in every instance where the original or a *certified* copy is annexed, the effect of Section 3117 R. G. S., 4903 C. G. L., is to make the annexed original or certified copy "form" a part of the bill of as a matter of law.

The other errors complained of are procedural and highly technical in character. The cause appears to have gone to a final hearing upon the pleading and proof presented. The record affirmatively shows the chancellor could have reached no other conclusion on the merits than that expressed in the final decree appealed from here.

There appears to have been a *bona fide* and substantial compliance with the statutory requirements and the rules of court as to the taking, receiving and filing in evidence of the deposition which was objected to by the defendant. The chancellor's refusal to suppress this deposition, in the absence of any showing that the irregularity complained of with reference to the manner in which it was received in the mail suggesting that the deposition had been

tampered with, or that wrong resulting in substantial injustice has been done by the chancellor in overruling the objection to it on purely technical grounds, cannot avail the appellants as a ground for reversing the final decree rendered on the merits after final hearing, inasmuch as it has not been made to appear that the technical errors complained of have resulted in such prejudice to the rights of the defendant in the hearing and determination of the merits of the cause as to amount to a miscarriage of justice.

The decree is supported by the evidence and no harmful error of pleading or procedure having been made to appear it should be affirmed on the authority of Fagg Mill Work & Lbr. Co. v. Greer, 136 Sou. Rep. 679, 102 Fla. 955, and cases cited.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.