**CLIFFORD STORM**, individually and as sole heir of **Edward R. Storm**, deceased, and **PAN AMERICAN TOURS, INC.**, v. **OLIVE B. HOUGHTON**, a widow.

24 So. (2nd) 519     January Term, 1946
January 15, 1946     Division A

*W. C. Kemp,* for appellants.

*Ira C. Haycock,* and *Victor B. Hutto,* for appellee.

BUFORD, J.:

This appeal brings for review a final decree in an ordinary real estate foreclosure suit.

The appellants state two questions for our consideration, as follows:

"First Question: May a decree in a chancery suit rest wholly upon the depositions of a nonresident party to the suit where the depositions of the party were taken at a time other than that specified in the notice of taking depositions, and

"(a) objection is made to the depositions at the time they were offered;

"(b) a motion to suppress the depositions was interposed, and

"(c) exceptions were filed to the report of the master before whom the testimony was taken upon the ground that the depositions were inadmissible because taken at a time other than that specified in the notice?"

"Second question: Is it permissible for the Circuit Court to enter an order that the bill of complaint be taken as confessed by a defendant who has a motion to dismiss the bill pending and undisposed of without any notice of the plaintiff's motion for the entry of such decree pro confesso given to the defendant against whom it is entered?"

The conditions upon which the first question is based are that an order was made allowing the plaintiff to retake deposition of the plaintiff in a foreign state. The notice provided that the depositions would be taken at a certain place named therein and on a certain date at 10:30 o'clock A. M. and that the taking of the same would be adjourned and continued from day to day at the same place until they are completed. The certificate of the Notary Public who took the depositions showed that the depositions were taken at the place named on the day designated but at 7:30 o'clock P. M. There is nothing in the record to show that the hearing to take depositions did not begin at 10:30 A. M. on the date named, nor is there anything in the record to show that either of the defendants or anyone in their behalf appeared at the time and place for the taking of the depositions, nor that any different result would or could have obtained had the depositions been taken and completed at the hour named in the notice.

Inasmuch as no harm is made to affirmatively appear to have resulted to the defendant because of the irregularity, if any, in the taking of the depositions, the action of the Circuit Court in refusing to suppress the same should be upheld on authority of Routh v. Richards, 103 Fla. 752, 138 So. 69; Fagg Mill Work & Lbr. Co. v. Greer et al., 102 Fla. 955, 136 So. 679, and cases there cited.

Appellant contends that involved in the first question is the question whether or not depositions of a party to a suit

in chancery may be taken upon mere notice under the statute. Section 63.47 Fla. Statutes 1941 (same F.S.A.) provides for the taking by depositions the testimony of any witness and Section 90.05, supra, provides, that no person in any court or before any officer acting judicially shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding or because he is a party thereto. So, under the statutory provisions of this State, a party to a cause may be a witness in his own behalf and as such witness such party is subject to all the rules and regulations applying to any other witness and is likewise entitled to all the rules and regulations applying to any other witness and is likewise entitled to all the privileges and rights which may be invoked by any other witness.

As to the Second Question it appears from the record that on November 3, 1941, Pan American Tours, Inc. filed motion to dismiss the bill of complaint because of alleged non-joinder of parties defendant. On March 3, 1944, notice of hearing was filed in the following language:

"To. W. C. Kemp, Esquire, Attorney for Defendant, Clifford Storm and also as Attorney for defendant Pan American Tours, Inc., Congress Building, Miami, Florida, and Leon Harvell, Esquire, Attorney for Defendant, Mrs. Anna Davis, 3370 S. W. 2nd Street, Miami, Florida.

"Gentlemen:

"You are hereby notified that I have set the above styled cause down for hearing before the Honorable Ross Williams, Circuit Judge, at and in his Chambers upon the 4th Floor of the Dade County Court House at Miami, Florida, on the third (3d) day of April A. D. 1944 at 10:00 o'clock A. M. thereof, or as soon thereafter as counsel may be heard, upon motion to dispose of all pendings pleas and motions."

On April 3, 1944, the Circuit Judge made and entered an order which was recorded on April 4, 1944, in which he, inter Alia, ordered, adjudged and decreed that the motions of the *defendants* herein to dismiss the plaintiffs' bill of complaint be and the same are hereby denied. (emphasis ours).

On May 31st 1945, the Court entered a decree pro confesso, inter alia, as follows:

"It is ordered and adjudged that decree pro confesso be and the same are hereby entered against the following named defendants, to-wit: Alexander E. Wolfe and Mrs. Alexander E. Wolfe, his wife, Gilbert Wolfe and Mrs. Gilbert Wolfe, his wife, Sigmund Wolfe and Pan American Tours, Inc., a Florida corporation, for their failure to appear or answer in the above entitled cause, and that the bill of complaint is taken as confessed by the said defendants; and" . . .

If it be that the order denying motions to dismiss did not contemplate the motion of Pan American Tours, Inc., the record fails to show that it was ever called to the Court's attention that such motion was undisposed of. The same counsel who were counsel of record for Clifford Storm were also counsel of record for Pan American Tours, Inc. Such counsel had many opportunities to raise the question of the pendency of this motion in the lower court.

At the time the court entered an order of reference counsel could have insisted that the case was not at issue because this motion to dismiss was pending and not disposed of. On August 31, 1944, when he was present at a hearing before the Master he might have raised this question, but he did not. On October 27, when he was present at a second hearing before the Master he could have raised this question, but he did not. On November 1, 1944, he was present again at a hearing before the Master and did not raise the question. On July 21, 1945, when he filed his exceptions to the Master's Report in which report the Master said, "On the 31st day of May, 1945, the court entered a decree pro confesso against the defendants Alexander E. Wolfe and Mrs. Alexander E. Wolfe, his wife, Gilbert Wolfe and Mrs. Gilbert Wolfe, his wife, Sigmund Wolfe and Pan American Tours, Inc., a Florida corporation, for their failure to appear or answer to the above entitled cause" he made no reference or claim as to impropriety of the decree pro confesso against Pan American Tours, Inc. On August 14, 1945, when final decree was entered after briefs had been filed by both parties this point was not presented to the court. The opportunity was afforded him after final decree within 20 days from date thereof to file petition for rehearing and still he did not present this contention to the lower court.

If the decree pro confesso was improperly entered it was the duty of counsel to properly present motion to the lower court praying that the decree pro confesso be set aside and, at the same time, to show a meritorious defense. See Turner v. Jones, 67 Fla. 121, 64 So. 502, Weathersbee v. Dekle, 102 Fla. 1057, 136 Sou. 708; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751.

We find no reversible error reflected by the record and, therefore, the decree is affirmed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.