**YOUNG, et al v. NATIONAL BRANDS TIRE CO., Inc.**
No. 72-23643.
Circuit Court, Dade County.
January 24, 1974.

John Lazarus, Legal Services of Greater Miami, Inc., for the plaintiffs.

Milton M. Ferrell, Miami, for the defendant.

JOSEPH NESBITT, Circuit Judge.

*Final judgment and memorandum:* By their amended complaint plaintiffs seek a declaration of rights and determination that Florida Statute 818.01 has been repealed by the enactment of Chapter 65-254, Laws of Florida 1965, codified as Florida Statute 679.311.

Florida Statute 818.01(1) prohibits a debtor from removing personal property subject to a lien or conditional sales contract from the county where the lien or contract was created. Subsection 2 thereof makes the failure to produce such property for inspection, upon demand, prima facie evidence of having removed the property from the county of the situs of the lien or conditional sales contract. Florida Statute 679.311 authorizes a debtor to alienate property subject to a security interest notwithstanding a provision in the security to the contrary.

In his advisory capacity the attorney general opined on January 25, 1971, Opinion 071-6, that the enactment of Chapter 65-254 codified as Florida Statute 679.311, had worked an implied repeal of Florida Statute 818.01. A reading of the cited statutes reveal that they are repugnant and inconsistent — consequently, the later

expression of the legislature must govern, Routh v. Richards (Fla. 1938), 138 So. 69. Accordingly, a final judgment will be entered declaring and decreeing that Florida Statute 818.01 was repealed by the enactment of Florida Statute 679.311 and that §818.01 is void and of no force and effect.

Ancillary to the prayer for declaratory judgment the plaintiffs seek an injunction against the defendant's future utilization of §818.01. In view of the judgment to be entered voiding the cited statute the likelihood of defendant's further invoking the voided statute against the plaintiffs or any other persons seems unlikely. In the event it should do so the plaintiffs or any other parties aggrieved will then have an adequate remedy before the law for compensatory damages.

Such a determination does not end this controversy. By their amended complaint the plaintiffs allege that the defendant improperly made demand for inspection of their property pursuant to a retained title contract and illegally and maliciously caused their prosecution in Justice of Peace District No. 1, Dade County (abolished) under provisions of §818.01 and subsequent to its repeal by §679.311, and after the attorney general rendered Opinion 071-6, supra.

In this posture and pronouncement of the law plaintiffs allege that the defendant knew or ought to have known that it was proceeding under an invalid statute. This forms the gravamen of their action for malicious prosecution. An attorney general's opinion although persuasive in nature is not binding upon the courts, Haines v. St. Petersburg Methodist Home, Inc., Fla. App. 1965, 173 So.2d 176. Since an attorney generals' opinion is not binding upon the courts it cannot in the name of common sense be held binding upon laymen.

Accordingly, this court determines as a matter of law that the essential elements of "probable cause" or "malice" are absent in the circumstances prompted by this case — so as to defeat the plaintiffs' action for malicious prosecution.

As an alternative method of pursuing malicious prosecution against the defendant it is alleged that the defendant's agents failed to appear at the justice of peace hearing to give testimony against the plaintiffs. It further appears that the complaint then was dismissed by the magistrate for want of prosecution there — instead of an evidentiary hearing. The general rule is that dismissal without a hearing upon the evidence or upon the merits will not support a cause of action in malicious prosecution. 52 Am. Jur. 2d, *Malicious Prosecution,* §163.

Next, the plaintiffs allege by their amended complaint that the defendants caused exhibits nos. 1 and 2 attached to their original complaint to be circulated and sent to plaintiffs in violation of Florida Statute 817.38. An examination of those exhibits entitled "Legal Notice for Return of Property" fails to reveal the simulation of "the seal of the state or the stationery of any state agency or fictitious state agency with intent to lead the recipient or sendee to believe that the same is genuine***." An examination of the documents reveals that the defendant (1) demanded an inspection of the property as it was seemingly entitled to do under defunct Florida Statute 818.01(1), and (2) the instruments were executed by the defendant or its agent rather than by any agent or spurious agent of the state of Florida as denounced by §817.38, and (3) provided the recipient a verbatim reproduction of §818.01. Accordingly, it appears as a matter of law that plaintiffs have failed to state a cause of action under §817.38.

Finally, plaintiffs seek damages for alleged emotional distress predicated upon having been prosecuted for failure to allow inspection pursuant to defunct Florida Statute 818.01 in Justice of Peace District No. 1, Dade County (abolished). Again the plaintiffs' contention must fail due to the absence of any allegations of "physical contact" created by the defendant and visited upon the plaintiffs.

The foregoing opinion has been reached and rendered upon plaintiffs' motion to compel the defendant to furnish its financial data and net worth and upon defendant's motion to strike the plaintiffs' claim for punitive damages. Each party has had a full opportunity to submit memoranda and oral arguments have been heard. In the course of ruling upon motions as aforesaid it became necessary to reach the central question presented by the amended complaint as well as the ancillary relief sought.

It is, therefore, upon consideration ordered and adjudged as follows — (1) Plaintiffs have standing to sue and have properly presented a request for declaration of their rights with respect to the conflict between Florida Statute 818.01 and Florida Statute 679.311 and the court has jurisdiction of the parties and the subject matter. (2) Florida Statute 818.01 is repugnant to and inconsistent with Florida Statute 679.311, and the latter statute is the last expression of the Florida legislature. (3) Florida Statute 818.01 was repealed by the enactment of Chapter 65-254, Laws of Florida 1965, codified as Florida Statute 679.311 and Florida Statute 818.01 is void and of no force and effect from the time that §679.311 became effective as a law in this state. (4) Other than the foregoing declaration of their rights the plaintiffs take nothing by their amended complaint and the defendant goes henceforth without day. (5) Plaintiffs shall recover their taxable costs upon notice.