330 So.2d 246 (1976)
Roger Gall HELMIG, Appellant,
v.
STATE of Florida, Appellee.
No. Y-133.
District Court of Appeal of Florida, First District.
April 13, 1976.
Robert B. Kane, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from judgment and sentence of appellant for selling personal property subject to a lien, without the consent of the lienholder, in violation of § 818.01, F.S., and transferring a motor vehicle without delivery of title, in violation of § 319.34, F.S. The first offense carries a maximum penalty of one year imprisonment, and the second offense carries a maximum penalty of six months imprisonment. Adjudication was withheld, and appellant was placed on five years probation. Appellant contends on appeal that the record fails to show that he had the requisite *247 criminal intent to commit the offenses charged. Appellant further contends that the trial court lacked authority to place him on probation for a period of five years.
The appellant was the manager and part owner of a used car lot known as "Wholesale Motors." In July, 1973, appellant agreed to sell a 1969 Ford Torino belonging to James Herring. Proceeds from the sale were to be used to satisfy a $900 lien to Chrysler Credit Corporation. On July 16, 1973, appellant sold the car to Vera Moten for cash and a trade-in totaling $1,083. Appellant did not advise Ms. Moten that the car was encumbered by a lien nor did he advise the lienholder of the sale. Also, he did not deliver the certificate of title. The funds received from Mrs. Moten were deposited in Wholesale Motors' general account. Appellant's bookkeeper had no record of a lien on the car in question and could not recall any instructions to pay one. Appellant testified at trial that he initially delayed payment of the lien at the request of James Herring, and that he subsequently delayed payment because his business had become insolvent. Ms. Moten was advised of the unpaid lien by Chrysler Credit. The instant charges were filed against appellant in May, 1974. Shortly before trial, Chrysler Credit repossessed the car. Appellant finally discharged the lien and delivered the title to Ms. Moten on October 22, 1974, over 15 months after the car was purchased.
As to appellant's having been found guilty of the misdemeanor, selling personal property under a lien without the consent of the lienholder, he contends that the record does not show that he had a criminal intent to commit this offense. This statutory offense, however, does not require proof of criminal intent. See Mills v. State, 58 Fla. 74, 51 So. 278 (1910), and State v. Dowling, Fla., 110 So. 522 (1926). The same is true of the misdemeanor, transferring a motor vehicle without delivery of a certificate of title thereto, of which appellant was also found guilty.
We turn now to appellant's contention that the trial court lacked authority to place him on probation for a period of five years. Appellant argues that § 948.04(1), Florida Statutes 1975, as amended by Chapter 74-112, Laws of Florida, fails to establish a maximum time period for probation, but that it should be construed as limited to the maximum time period of sentence for each particular offense. In this case, under such proposed construction, the probation would be limited to 18 months for the two offenses. We find no merit to this contention, however, since the amended probation limitation brought about by Chapter 74-112, Laws of Florida, does not have any applicability to appellant.
Appellant's criminal acts occurred in 1973, at which time the applicable law barred probation for "more than two years beyond the maximum term for which the defendant might have been sentenced ...," § 948.04, Florida Statutes 1973.
Article X, Section 9 of the 1968 Florida Constitution provides:
"Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed."
The Supreme Court in a recent opinion held that, in light of this provision, sentencing must be governed by the law applicable at the time of the criminal event. Castle v. State, Fla., 330 So.2d 10, opinion filed March 17, 1976.
Appellant's aggregate probation time is within the permissible limits of Section 948.04, Florida Statutes 1973. Two years added to each maximum sentence would aggregate five years and six months. Appellant asks us to review the propriety of the term of probation given the nature of the crimes for which he was convicted. We are unable to do so, as sentencing is peculiarly a function of the trial court.
*248 We find no merit to appellant's contention that placing him on five years probation violated the single transaction rule.
Affirmed.
McCORD, J., Acting C.J., ENGLAND, J., ARTHUR J., and LEE, THOMAS E., Associate Judges, concur.