## HAMPTON v. STATE.
No. 76-10-AP.

Circuit Court, Duval County, Criminal Appeal.

January 17, 1977.

Fred T. Stapp, Assistant Public Defender, for the appellant.

Mary Young Cousar, Assistant State Attorney, for the appellee.

JOHN E. SANTORA, Jr., Circuit Judge.

The evidence was sufficient to convict this defendant (appellant) of the crime charged.

The trial judge correctly denied appellant's motion to discharge on speedy trial grounds.

The alleged invalidation of Section 818.01, Florida Statutes (1975), under which appellant was tried and convicted is a more difficult problem to answer. I doubt that this attack was presented to the trial judge; the record does not reflect that she did.

Appellant's contention is that the subject statute, which forbids the pledging, sale, mortgage or other disposal or encumbrance of any personal property, subject to a valid written lien without the written consent of the lienor, was rendered invalid by the legislative adoption of Section 679.311, Florida Statutes (1975) enacted in 1965, to become effective January 1, 1967, which provides —

> "The debtor's rights in collateral may be voluntarily
> or involuntarily transferred (by way of sale, creation
> of a security interest, attachment, levy, garnishment or

other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."

Obviously, 818.01 was spawned as a result of merchants having no protection under the law when a vendee purchased personal property with a nominal down payment, and then disposed of the property. The merchant was left holding an empty bag. Since the passage of that statute in 1923, the pendulum has swung, and now the consumer enjoys legislative and judicial protection never dreamed of fifty years ago.

In an excellent brief, appellant contends that times have changed since 1923 (I can't argue with that — I was born that year) evidenced by the passage of the Uniform Commercial Code (of which 679.301 is a part), in that the Code revamped the entire area of conditional sales of consumer goods; that conditional sales no longer exist; instead, the vendor only has a security interest.

In the case sub judice the appellant purchased furniture, signed a "retain title contract," took possession, made a few payments, then sold the furniture and stopped paying.

The Attorney General of the state of Florida, on January 25, 1971 (Fla. Op. Atty, Gen. 071-6, 1971) considered this very question and advised "the conflicting provisions of Section 818.01 were repealed by the passage of Chapter 65-254, Laws of Florida 1965, more particularly, Section 679.311 thereof as same appears in the Florida Statutes, 1969." The opinion cites Routh v. Richards, 138 So. 69 (Fla. 1931) for the proposition that it is well settled in Florida, that —

". . . Where two legislative acts are in conflict with each other, the one last passed, being the latest expression of the legislative will, must govern even though it contains no repealing clause."

A Dade County Circuit Judge relied upon that opinion in declaring the two statutes to be in conflict, and holding that 818.01 was repealed by 679.311. Young v. Nat'l. Brands Tire Co., Inc., 40 Fla. Supp. 143 (Fla. 11th Cir Ct. 1974).

To this point I agree with Judge Nesbitt, but as the state points out, 818.01 was re-enacted in 1971, substantially verbatim, but with amended language regarding the penalty provided. Chapter 71-136, §887, Laws of Florida. Thus, the legislature has spoken *since* enactment of 679.31 regarding 818.01. Does not the most recent expression of legislative intent prevail? Certainly, the appellant has so argued. See Helmig v. State, 330 So. 2d 246 (Fla. 1st DCA, 1976) in which the Attorney General argued in

favor of a conviction under 818.01 (although the issue sub judice was not mentioned in the opinion). In *Helmig* the appellate court affirmed the conviction under 818.01.

It is adjudged that the judgment of the lower court is affirmed.