DIAMANTIS, Judge.
John and Eunette Thompson appeal the trial court’s order entering a foreclosure judgment against them and in favor of First Union National Bank. Because the instant record contains genuine issues of material fact concerning whether First Union is a holder in due course, the final judgment of foreclosure is reversed and this cause is remanded to the trial court for further proceedings. See Lassiter v. Resolution Trust Corp., 610 So.2d 531, 538 (Fla. 5th DCA 1992). See also Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981). We note that First Union has conceded that neither the D’Oench doctrine[1] nor title 12, section 1823(e), of the United States Code[2] applies to the facts of this case because no allegation has been made that a side-agreement easts concerning the Thomp-sons’ promissory note. Aso, we affirm the ruling of the trial court that the promissory note is a negotiable instrument, notwithstanding the fact that the note contains an adjustable interest rate. See Ch. 91-70, §§ 4-6, at 536-37, Laws of Fla.[3] See also State ex rel. Szabo Food Services v. Dickinson, 286 So.2d 529, 531 (Fla.1973).[4]
Order REVERSED; cause REMANDED for further proceedings.
PETERSON and GRIFFIN, JJ., concur.

. See D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

. See 12 U.S.C.A. § 1823(e) (West 1989).

. The legislature’s 1991 amendments to section 673.106 were never codified because the legislature repealed section 673.106 in 1992 when it revised chapter 673 of the Florida Statutes. The 1992 amendments are now set forth in sections 673.1041 and 673.1121(2), Florida Statutes (1993).

.In this regard, the Thompsons failed to present any evidence to support their impairment of contract claim.