727 So.2d 283 (1999)
Charles MASON, Appellant/Cross-appellee,
v.
Guy B. RUBIN and Stephanie Rubin, his wife, Appellees/Cross-appellants.
No. 97-4532.
District Court of Appeal of Florida, Fourth District.
February 10, 1999.
Rehearing Denied March 15, 1999.
Tim B. Wright and William R. Ponsoldt, Jr. of Warner, Fox, Seeley, Dungey & Sweet, L.L.P., Stuart, for appellant/cross-appellee..
Stuart M. Address of Rubin & Rubin, Stuart, for appellees/cross-appellants.
KLEIN, J.
This appeal is from a judgment denying foreclosure of a $10,000 second mortgage. The lenders, who had sold the borrowers *284 their home, separated after the closing, and requested that the borrowers divide the $66 monthly payment equally between the lenders. The borrowers made the $33 payments timely to the wife, but testified that they had been waiting for the husband to inform them as to where he was residing, so they could mail him the payments, and he had never done so. After about one year, the husband had his lawyer contact the borrowers, and the lawyer insisted on being paid $500 in attorney's fees for collecting the payments. The borrowers' refusal to pay those attorney's fees apparently resulted in the husband bringing this foreclosure action. The trial court denied the foreclosure.
The husband raises as his first point that the trial court erred in failing to reestablish the promissory note, which was lost. He argues that his proof complied with section 71.011, Florida Statutes (1995), which provides for establishing lost papers, records or files. Section 71.011 controls the establishment of lost documents "except when otherwise provided." The lost promissory note was a negotiable instrument. § 673.1041(1), Fla. Stat. (1993). Thompson v. First Union National Bank, 643 So.2d 1179 (Fla. 5th DCA 1994). Establishing a lost negotiable instrument is governed by a different statute, section 673.3091, Florida Statutes (1993). The latter statute contains more stringent requirements than the former, and the trial court correctly concluded that the husband did not satisfy section 673.3091.
The trial court did allow the husband to proceed with his claim based on breach of an oral agreement. We affirm the trial court's finding that the borrowers were not in default of that agreement. We find the other issues raised by the husband to be without merit.
Affirmed.
DELL, and GROSS, JJ., concur.