888 So.2d 725 (2004)
Booker T. PERRY and Betty J. Perry, Appellant,
v.
FAIRBANKS CAPITAL CORP., et al., Appellee.
No. 5D03-4148.
District Court of Appeal of Florida, Fifth District.
December 10, 2004.
*726 Booker T. Perry and Betty J. Perry, Maitland, pro se.
Kristin Erin Lettiere of Steven B. Greenfield, P.A., Boca Raton, for Appellee.
MONACO, J.
The appellants, Booker T. Perry and Betty J. Perry, appeal from a judgment of foreclosure of a mortgage in favor of the appellee, Fairbanks Capital Corp. (the "Mortgagee"), regarding a residence owned by Mr. and Mrs. Perry. We affirm.
The primary argument raised by Mr. and Mrs. Perry is that the Mortgagee failed to establish that the promissory note securing the mortgage was lost. A review of the record reflects, however, that the Mortgagee filed the original promissory note with the trial court, even though it initially sought in its complaint to establish the note as a lost instrument.
Mr. and Mrs. Perry also seek to require the Mortgagee to produce and file the original mortgage with the court. Their appeal in this respect is likewise without avail. First of all, the Perrys failed to respond to requests for admissions served by the Mortgagee requesting that they admit that the copy of the mortgage attached to the complaint was a true copy of the original; that they in fact executed the note and mortgage; and that the Mortgagee is the holder of those instruments. As they failed to respond to the requests, Mr. and Mrs. Perry are deemed to have admitted those facts. See Fla. R. Civ. P. 1.370(a).
Secondly, the original document that is generally required to be filed with the court in a mortgage foreclosure proceeding is the promissory note, not the mortgage. The Evidence Code provides the rationale for this conclusion. Section 90.952, Florida Statutes (2002), indicates that original documents are required to prove the contents of a writing, unless otherwise provided by statute. Section 90.953, Florida Statutes (2002), however, indicates that duplicates are admissible unless a genuine question is raised about the authenticity of the original, or it is unfair to admit the duplicate, or:
The document or writing is a negotiable instrument as defined in s. 673.1041, a security instrument as defined in s. 678.1021, or any other writing that evidences a right to the payment of money, is not itself a security agreement or lease, and is of a type that is transferred by delivery in the ordinary course of *727 business with any necessary endorsement or assignment.
A promissory note is clearly a negotiable instrument within the definition of section 673.1041(1), and either the original must be produced, or the lost document must be reestablished under section 673.3091, Florida Statutes (2002). See Mason v. Rubin, 727 So.2d 283 (Fla. 4th DCA 1999); see also Downing v. First Nat'l Bank of Lake City, 81 So.2d 486 (Fla.1955); Thompson v. First Union Nat'l Bank, 643 So.2d 1179 (Fla. 5th DCA 1994); Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3d DCA 1989). A mortgage, on the other hand, does not fit into the definition of the documents required by section 90.952 to be produced in their original form, and may thus be proved by using a properly authenticated duplicate. Cf. Home Bldg. & Loan Co. v. Rivers, 108 Fla. 23, 145 So. 873 (1933); Routh v. Richards, 103 Fla. 752, 138 So. 69 (1931). A mortgage is the security for the payment of the negotiable promissory note, "and is a mere incident of and ancillary to such note." See Scott v. Taylor, 63 Fla. 612, 58 So. 30 (1912); see also Johns Supply Co. v. McNeeley, 125 Fla. 306, 169 So. 732, 734 (1936). Because it is negotiable, the promissory note must be surrendered in a foreclosure proceeding so that it does not remain in the stream of commerce. Indeed, if the foreclosing party alleges that the note is lost, destroyed or stolen, the trial court is authorized by statute to take the necessary actions to protect the party required to pay the note against loss that might occur by reason of a claim by another party to enforce the instrument. See section 673.3091(2), Fla. Stat. (2002).
In the present case ample evidence was presented to enable the trial court to consider the duplicate of the mortgage in rendering the judgment of foreclosure.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.