MAKAR, J.,
concurring.
Nationstar Mortgage sought to do two separate things in the proceedings below: (a) reestablish a lost note and (b) enforce the note once reestablished. The trial court reestablished the lost note but refused to enforce it because Nationstar’s failure to respond to requests for admissions — now deemed admitted — foreclosed the bank’s ability to seek enforcement.
The trial court correctly denied enforcement óf the note, but erred in reestablishing the note under section 673.3091, Florida Statutes (2014), which is limited to the “[enforcement of lost, destroyed, or stolen instrument[s].” (Emphasis added). Reestablishment and enforcement are not the same. Section 673.3091, which has more difficult enforcement standards, does not itself set forth reestablishment standards for a lost note. Instead, section 71.011, Florida Statutes (2014), entitled “Reestablishment of papers, records, and files,” contains the general standards 'for doing so. The problem is that Nationstar did not rely on section 71.011 in the trial court proceedings and raised the statute for the first time on appeal. For this reason, and because no fundamental error is shown, vacating the reestablishment of the note is proper.
The question of whether section 673.3091 displaces- section 71.011 as to the standards for reestablishing a note is a debatable one. At least one court views it as having this effect. See Mason v. Rubin, 727 So.2d 283, 284 (Fla. 4th DCA 1999) (stating that “Establishing a lost negotiable instrument is governed by section 673.3091 ... [which] contains more stringent requirements than [section 71.011].”) (emphasis added). The contrary argument is that a note can be reestablished under the plain language of section 71.011, ■ but that its enforcement is governed by section 673.3091. This issue cannot be resolved given the lack of preservation of the issue in this case (and the absence of fundamental error), but ought to be addressed in a future case to provide clear guidance to trial courts.