# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5124

_____

MBC GOSPEL NETWORK, LLC,
WILLIE GARY, LORENZO
WILLIAMS, LORI METOYER, CHAN
ABNEY, and THOMAS WEIKSNAR,

    Appellants,

    v.

FLORIDA'S NEWS CHANNEL, LC,
EVANDER HOLYFIELD, CECIL
FIELDER, and RICK NEWBERGER,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

April 22, 2019

OSTERHAUS, J.

MBC Gospel Network, LLC and individual guarantors of a promissory note appeal an order entering judgment against them on a note that is apparently lost. We reverse because the trial court did not require their creditor, Florida's News Channel, LC, to produce the original note, or to reestablish the lost note as required by section 673.3091, Florida Statutes.

## I.

In 2004, MBC Gospel Network, LLC signed a promissory note with Florida's News Channel, LC. After MBC failed to make payments due on the note, an action was filed in 2005, and a final summary judgment was entered against MBC. Upon collection, MBC signed a second note, guaranteed by the other appellants—Willie Gary, Lorenzo Williams, Lori Metoyer, Chan Abney, and Thomas Weiksnar—among others. The second note made MBC responsible for both the principal and interest, and the individual guarantors responsible solely for the interest.

In 2015, Florida's News Channel filed suit against appellants MBC and most of the individual guarantors for payments due on the second note. Appellants moved to dismiss the complaint because only a partially executed and undated copy of the note was attached, and because the complaint failed to include a lost note count. The trial court denied the motion to dismiss and set the case for trial.

In October 2017, the trial court held a non-jury trial. Florida's News Channel moved to enter a copy of the promissory note into evidence over an objection that it was deficient and not the original note. Evidently, the original note was last in the possession of Florida's News Channel's attorney, who is now deceased. No one has sought the original note from the attorney's estate, or knows where it is. Appellants also objected because Florida's News Channel failed to allege a lost note claim, or reestablish the lost note. The trial court admitted the disputed copy of the note into evidence, stating, "I don't know if it's the original, but I'm not going to bog the testimony down at this point to delay the testimony part of the trial." Then it entered judgment for Florida's News Channel, requiring it to indemnify Appellants in case a future holder of the original note comes forward against them.

## II.

### A.

The first issue on appeal is whether the trial court erred by granting judgment without requiring Florida's News Channel to

demonstrate its entitlement to enforce the note by producing the original promissory note, or reestablishing it as a lost note. "As a general rule, '[a] trial judge's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.' 'However, a court's discretion is limited by the evidence code and applicable case law. A court's erroneous interpretation of these authorities is subject to de novo review.'" *Pantoja v. State*, 59 So. 3d 1092, 1095 (Fla. 2011) (citations omitted).

Under the Florida Evidence Code, section 90.953, Florida Statutes, a duplicate document is admissible to the same extent as an original, but not if the document "is a *negotiable instrument* as defined in s. 673.1041." § 90.953(1), Fla. Stat. (emphasis added). This case involves a promissory note that qualifies as a negotiable instrument under section 673.1041, requiring Appellants to make regular interest payments on MBC's debt. *See Heller v. Bank of America, NA*, 209 So. 3d 641, 644 (Fla. 2d DCA 2017) (noting that "a promissory note is a negotiable instrument" that must be surrendered "to remove it from the stream of commerce and prevent the negotiation of the note to another person"). Because this case involves a disputed negotiable instrument, a duplicate of the promissory note was not admissible as though it was the original note in the absence of Florida's News Channel reestablishing the lost note. *See Franklin v. Bank of Am., N.A.*, 202 So. 3d 923, 924 (Fla. 1st DCA 2016) (quoting *Servedio v. U.S. Bank Nat'l Ass'n*, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010)) ("A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091, Florida Statutes."); *see also Perry v. Fairbanks Capital Corp.*, 888 So. 2d 725, 727 (Fla. 5th DCA 2004) (enforcement of a promissory note required "either the original [to] be produced, or the lost document [to] be reestablished under section 673.3091").

The trial court followed a course contrary to the statutes and cases. It rendered judgment after accepting the disputed duplicate of the original note as evidence, and without requiring the lost instrument to be reestablished. Its order acknowledged that another person possessing the original note could come forward against Appellants in the future. We reverse this result because admitting a copy of the lost promissory note over Appellants' objection was contrary to § 90.953(1) and § 673.3091.

In reaching this conclusion, we understand the dissent's view that Florida's News Channel satisfied the lost instrument statute in the absence of alleging and proving a lost note. But we don't think so. There wasn't a trial by consent of a lost note claim. Instead, the record shows that Appellants' objected to entering the note copy into evidence, whereupon Florida's News Channel's counsel argued that the copy should be accepted by the trial court because the original note might be hard to obtain from the deceased attorney's estate. The trial court asked Florida's News Channel's counsel why it hadn't brought a lost note claim, and counsel answered: "Because we do not believe the note to be lost, [and that it would be] unduly burdensome to ask us to resurrect documents from [the deceased attorney's] estate." The trial court then allowed the copy into evidence. But we don't think an attorney's speculation about potential difficulties of obtaining a non-lost note meets the statute's requirements for proving and enforcing a lost negotiable instrument. *See* § 673.3091(1)(c) & (2), Fla. Stat. (requiring proof that possession is not reasonably possible because "the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to process"). And so, because Florida's News Channel did not provide evidence supporting the elements of a lost instrument claim, we disagree that it implicitly proved such a claim below.

B.

The second issue raised by Appellants is whether the trial court erred by failing to dismiss the case for failure to join indispensable parties. "We review a trial court's denial of a motion to dismiss under a de novo standard of review." *O'Leary v. State*, 109 So. 3d 874, 876 (Fla. 1st DCA 2013).

"The Florida Supreme Court has defined an indispensable party as 'one whose interest in the controversy makes it impossible to completely adjudicate the matter without affecting either that party's interest or the interests of another party in the action.'" *Biden v. Lord*, 147 So. 3d 632, 637 (Fla. 1st DCA 2014) (quoting *Fla. Dep't of Revenue v. Cummings*, 930 So. 2d 604, 607 (Fla. 2006)). In determining whether a party is indispensable, the relevant question is not whether the action may proceed efficiently

4

without the missing party, but "whether the action can proceed at all" without that party. *Commerce Commercial Leasing, LLC*, 946 So. 2d at 1255 n.1.

In this case, Appellants argue that two of the many individual guarantors, Evander Holyfield and Cecil Fielder, were indispensable parties and must have been made parties to the lawsuit. The trial court rejected this argument citing § 46.041(1), Florida Statutes, which states: "The makers of negotiable instruments and all other persons who, at or before the execution and delivery thereof, endorsed, guaranteed, or became surety for payment thereof, or are otherwise secondarily liable for payment, *may be sued* in the same action." (Emphasis added.) We find no error with this ruling as the statute indicates that a guarantor "may" be sued in the same action. If a final judgment is paid by one or more of the guarantors, the guarantors left holding the bag may presumably enforce collection from others who are liable. *See* § 46.041(3), Fla. Stat.

### III.

Accordingly, we reverse in part because the trial court did not require Florida's News Channel to produce the original note or reestablish it before entering judgment in its favor. We affirm as to the indispensable parties claim.

AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings consistent with this opinion.

JAY, J., concurs; MAKAR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., dissenting.

This case is straightforward: MBC Gospel Network and individual members of its board (MBC, collectively) agreed to pay

5

monies owed to Florida News Channel (FNC) by entering a promissory note with the news company. No party disputes the note existed, its terms, and that requisite payments were made for nine years until they ceased, spawning this litigation. The original note was not made available at trial, only copies that contained signatures of the defendants sued for collection; but, no one contends the note was transferred to another entity or person or was otherwise in the flow of commerce. Instead, the note was operative for almost a decade between the original parties. By all accounts, the original note was held by FNC's attorney in his business files, but the attorney died and the note was not located as of trial.

Given all this, the defendants insist they are entitled to a relief from the judgment on the note because the original was not presented at trial and no "lost note" claim was affirmatively asserted. On the facts of this case, their claim is a technical one. While it is true that FNC did not affirmatively plead a "lost note" claim, FNC established in the record all that is necessary to affirm the judgment in this case. The lost note statute says that a person "not in possession of an instrument is entitled to enforce the instrument" if four evidentiary requirements are met and a final "adequate protection" measure is implemented. § 673.3091(1), Fla. Stat. (2019).

First, the "person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred," which was established here: it is uncontested that FNC was entitled to enforce the promissory note at all relevant times. *Id.* § 673.3091(1)(a). Second, the "loss of possession was not the result of a transfer by the person or a lawful seizure," which was also established; no one claims FNC transferred the note or that it had been lawfully seized. *Id.* § 673.3091(1)(b). Third, the "person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process." *Id.* § 673.3091(1)(c). The trial judge held, and MBC hasn't objected, that FNC "could not produce the original signed note, apparently because plaintiff's attorney passed away without forwarding it" to FNC. This finding meets the requirement that

6

FNC could not reasonably obtain the original because its whereabouts could not be determined. Fourth, a "person seeking enforcement" of a lost instrument "must prove the terms of the instrument and the person's right to enforce the instrument." *Id.* § 673.3091(2). The trial court found that "the testimony confirmed no dispute over the basic terms of the note, nor the fact that the defendant guarantors had performed for many years under the acknowledged terms of the note." As such, all four statutory requirements were met.

The final statutory requirement is that FNC provide "adequate protection" of MBC should a claim be made against MBC on the original note:

> The court may not enter judgment in favor of the person seeking enforcement [of a lost instrument] unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

*Id.* This portion of the statute addresses MBC's concern that some unknown person or entity may get its hands on the original note and try to enforce it against MBC in the future. To allay this fear, the trial court ordered FNC "to indemnify the individual guarantors against further litigation initiated on the note by any other person or entity, and . . . require[d] [FNC] to provide a defense against any such further litigation." This language, along with FNC's written indemnification in the record, satisfies the "adequate protection" of the lost note statute. *See Perry v. Fairbanks Capital Corp.*, 888 So. 2d 725, 727 (Fla. 5th DCA 2004) (where a party "alleges that the note is lost, destroyed or stolen, the trial court is authorized by statute to take the necessary actions to protect the party required to pay the note against loss that might occur by reason of a claim by another party to enforce the instrument.").

On this record, MBC cannot establish prejudice; and it is form over substance to require FNC to undertake pointless efforts in search of the original. The trial court's factual findings plus its

7

requirement of adequate protection of MBC meets all the prerequisites of the lost note statute: MBC is indemnified by FNC in the unlikely event a third party finds the original note and tries to enforce it against MBC. As such, MBC's claim of error is harmless and the judgment should be affirmed. § 59.041, Fla. Stat. (2019) ("No judgment shall be set aside or reversed. . . on the . . . improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."); *see, e.g.*, *O'Connell v. Citizens Nat. Bank of Hollywood*, 254 So. 2d 236, 237 (Fla. 4th DCA 1971) (affirming judgment on promissory note where defendant showed no harm or prejudice from filing of amended complaint to correct note defects).

––––––––––––––––––––––––––––––

Elaine Johnson James and Larry A. Strauss of Gary, Williams, Parenti, Watson & Gary, P.L.L.C., Stuart, for Appellants.

Patrick R. Frank and Keisha D. Rice of Frank & Rice, P.A., Tallahassee, for Appellees.